# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALAN ZARK,**

**Plaintiff,**                                              Case No. 6:22-cv-01348

v.

**ASSETCARE LLC and**
**ADVENTHEALTH ORLANDO ,**

**Defendants.**
_____/

## COMPLAINT

**NOW COMES** Alan Zark ("Plaintiff"), through his undersigned counsel, complaining of AssetCare LLC, and AdventHealth Orlando, (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.   This action is seeking redress for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and a state law cause of action against AdventHealth Orlando for violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida and Defendant conducts business in the Middle District of Florida.

4. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

## PARTIES

5. Alan Zark is a natural person, over 18-years-of-age, who at all times relevant resided in Altamonte Springs, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. AssetCare LLC ("Defendant or AssetCare") is a debt collection company organized and existing under the laws of Florida.

8. AssetCare maintains its principal place of business at 601 E Rollins St Suite 400, Orlando, Florida 32803.

9. AdventHealth Orlando ("Defendant or AdventHealth") is hospital or medical provider to consumers across the state of Florida.

10. AssetCare is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

because the principal purpose of its business is the collection of debt owed or due or asserted to be owed or due another.

11. At all times relevant, AdventHealth had a consensual agency relationship with AssetCare whereby AdventHealth (as the principal) had the right to control and direct the activities of AssetCare, and AssetCare had the authority to act on behalf of AdventHealth. AdventHealth as the principal of AssetCare, is liable for the acts of AssetCare and its agents.

## FACTUAL ALLEGATIONS

12. Prior to the events giving rise to this action, Plaintiff received medical services from AdventHealth Orlando formerly known as Florida Hospital Orlando ("AdventHealth").

13. Plaintiff received a total of eight rehabilitation appointments beginning in or around January 2020 resulting in a balance owed ("subject account").

14. Shortly thereafter, Plaintiff was billed by AdventHealth for each appointment he attended.

15. Unfortunately, AdventHealth's accounting department propagated a clerical error resulting in Plaintiff being charged a ninth additional rehabilitation appointment that he never received.

16. AdventHealth's clerical error was undiscovered by Plaintiff at the

time he completed all payments allegedly owed to AdventHealth, including payment for the ninth additional rehabilitation appointment that he never received.

17. Despite Plaintiff paying off all the balances allegedly owed, AdventHealth forwarded the subject account off to multiple collection agencies in an attempt to collect funds not owed from Plaintiff.

18. At one point, AdventHealth enlisted Balanced Healthcare Receivable and North American Credit Services, Inc. as third party collectors to collect the alleged past due subject account.

19. On two separate occasions in the year 2020, Plaintiff disputed the alleged past due subject account with Balanced Healthcare Receivable and North American Credit Services, Inc., citing proof that there was not a balance owed.

20. After receiving proof that Plaintiff has paid the subject account in full, Balanced Healthcare Receivable and North American Credit Services, Inc. ceased all collection efforts.

21. Upon information and belief, AdventHealth received notification at some point from Balanced Healthcare Receivable and North American Credit Services, Inc. regarding Plaintiff's disputes.

22. Sadly, AdventHealth continues to attempt to collect additional

funds from Plaintiff by issuing the subject account to third party collection agencies despite no balances being owed.

23. On April 1, 2022, AssetCare LLC mailed a collection notice to Plaintiff attempting to collect $35 resulting from services acquired from AdventHealth in January 2020 ("AssetCare's Letter").

24. Immediately after Plaintiff received AssetCare's Letter, Plaintiff placed an outgoing telephone call to AssetCare in order to dispute the subject account.

25. Plaintiff was becoming increasingly frustrated with AssetCare and AdventHealth's efforts to collect a debt not owed.

26. Plaintiff felt extremely worried that there could be negative consequences if he did not pay the subject account, even though he knew that he was not legally obligated to pay the amount demanded.

27. Defendants' misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

28. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendants' from further deception in the future, thus incurring costs and expenses.

29.

## CLAIMS FOR RELIEF

### COUNT I:
### FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 *ET SEQ.*)
(AGAINST ASSETCARE for VIOLATIONS OF FDCPA §1692D)

30. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

31. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

32. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was allegedly in default. 15 U.S.C. §1692a(6).

33. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

34. Defendant used the mail postal service to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

35. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

36. Defendant violated 15 U.S.C. §§1692d, d(5), e, e(2), e(10) through its unlawful debt collection practices on a debt that never belonged to

Plaintiff.

37.     Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly contacting Plaintiff seeking immediate payment on an alleged debt that was previously fully satisfied.

## COUNT II:
### FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 *ET SEQ.*)
(AGAINST ASSETCARE for VIOLATIONS OF FDCPA §1692E)

38.     AssetCare violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect on the alleged account after it was fully satisfied. Defendant continued its harassing behavior by contacting Plaintiff in a deceptive attempt to force him to ultimately make an additional payments, despite the alleged account being previously fully satisfied.

39.     As an experienced debt collector, AssetCare knew or should have known the ramifications of collecting on a debt from consumers that do not legally owe such debt.

40.     Upon information and belief, AssetCare systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

41.     As set forth above, Plaintiff's privacy rights were violated by AssetCare's unlawful collection attempts on a debt not owed.

## COUNT III:
### FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 *ET SEQ.*)
(AGAINST ASSETCARE for VIOLATIONS OF FDCPA §1692F)

42. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. AssetCare violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt not owed by Plaintiff. AssetCare's Letter unfairly attempted to collect a balance not owed by Plaintiff. These means employed by AssetCare only served to worry and confuse Plaintiff of the potential consequences that could occur if he did not agree to pay the amount demanded by AssetCare.

44. AssetCare had or should have had enough information to be aware of the fact that it was attempting to collect greater balance of the subject account than what was actually owed by Plaintiff. Nevertheless, it persisted with its collection campaign in attempting to collect on a debt not owed by Plaintiff, and knew that its conduct was inconvenient and harassing to Plaintiff.

45. As stated above, Plaintiff was severely harmed by AssetCare's conduct.

**WHEREFORE**, Plaintiff, Alan Zark, requests the following relief:

a.   a finding that AssetCare violated 15 U.S.C. §§ 1692c(b) and (e);

b.   an award of any actual damages sustained by Plaintiff as a result of AssetCare's violations;

c.   an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

d.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

e.   an award of such other relief as this Court deems just and proper.

### COUNT IV:
### FLORIDA CONSUMER COLLECTION PRACTICES ACT (FLA. STAT. §559.72 ET SEQ.)
(AGAINST ADVENTHEALTH ORLANDO)

46.   At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

47.   At all times relevant to this action, AdventHealth is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

48.   At all times relevant to this Complaint, AdventHealth was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.27 because said section applies to

"any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

49. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

### a. Violations of FCCPA §559.72(7)

50. Further, §559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Fla. Stat. § 559.72(7).

51. AdventHealth violated Fla. Stat. § 559.72(7) after engaging in abusive and harassing conduct by continuously attempting to collect a balance not legally owed by Plaintiff.

52. Specifically, AdventHealth sent the subject account to numerous third party collection agencies in an attempt to collect additional funds not owed despite Plaintiff completing more than the required payments to satisfy subject account.

53. Plaintiff may enforce the provisions of Fla. Stat. §§ 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

54. Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the Plaintiff.

55. Defendant's actions were insensitive to Plaintiff's current situation and shows no concern or care to the consumers they service.

**WHEREFORE**, Plaintiff, Alan Zark, respectfully requests that this Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against AdventHealth;

b. Enjoin Defendant from further communicating with Plaintiff;

c. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

e. Award Plaintiff and equitable relief, including enjoining AdventHealth from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

f. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

g. Award any other relief this Honorable Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: July 29, 2022          Respectfully submitted,

s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com